**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Gina M. Abfalter, et al.,

Plaintiffs,

v.

Scott Companies, Inc., d/b/a/ Jewelstar,
Roberta Antoine Dressen, and
Diversified Business Credit, Inc.,

Defendants.

Civil No. 01-1173 ADM/AJB

**REPORT AND RECOMMENDATION**

---

WILLIAM MITCHELL LAW CLINIC, Peter B. Knapp, Supervising Attorney, St. Paul, Minnesota, for Plaintiffs.

Justin H. Perl and Michael C. McCarthy, MASLON EDELMAN BORMAN & BRAND, LLP, Minneapolis, Minnesota, for Defendants.

---

## I. INTRODUCTION

In December 2000, Plaintiffs commenced this action in Minnesota state court, seeking damages in connection with allegedly unpaid wages. In May 2001, Plaintiffs sought, and received, leave to amend their complaint. The amended complaint contains a revised fourth cause of action, alleging Defendants violated the "hot goods" provision of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 215(a)(1)) (hereinafter the "Hot Goods Provision"). Thereafter, pursuant to 28 U.S.C. §§ 1441 & 1446, Defendants removed this case, arguing that Plaintiffs' fourth cause of action raises a federal question.

FILED SEP 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Now, this matter is before the Court on Plaintiffs' motion to remand pursuant to 28 § U.S.C.1447(c). In their motion papers, Plaintiffs concede that their fourth cause of action alleges a violation of the Hot Goods Provision. Plaintiffs argue, however, that their fourth cause of action states a claim for negligence *per se*, and that the Hot Goods Provision merely provides the standard of care. Plaintiffs contend, therefore, that their fourth cause of action is a state law claim.

The matter is properly before the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons discussed below, it is recommended that Plaintiffs' motion be granted.

## II. DISCUSSION

The narrow question before the Court is whether Plaintiffs' fourth cause of action raises a federal question as contemplated by 28 U.S.C. § 1331. The "well-pleaded complaint rule" provides that a federal question must be stated on the face of the complaint before the defendant may remove the action based on 28 U.S.C. § 1331. Gaming Corp. of Am. v. Dorsey and Whitney, 88 F.3d 536, 542 (8th Cir. 1996). However, a plaintiff may not avoid federal jurisdiction by couching federal claims in terms of state law. Franchise Tax Bd. of the State of California v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 22, 103 S.Ct. 2840, 2853, 77 L.Ed.2d 420 (1983).

Here, although Plaintiffs deny any intention to state a cause of action under the Hot Goods Provision, the fourth cause of action, reasonably read, sets forth such a claim. However, the Court concludes that such a claim is clearly without merit. Congress did not intend to create

a private cause of action under the Hot Goods Provision. Under the FLSA enforcement scheme, an employee may maintain an action, on their own behalf, under only 29 U.S.C. § 216(b). Barrentine v. Arkansas-Best Freight Sys., Inc., 750 F.2d 47, 51 (8th Cir. 1984), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 480 (1985).

Therefore, the issue before the Court is governed by Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), where the Supreme Court concluded:

> that a complaint alleging a violation of a federal statute as an element of a state cause of action, *when Congress has determined that there should be no private, federal cause of action for the violation*, does not state a claim "arising under the Constitution, law, or treaties of the United States.

478 U.S. at 817, 106 S.Ct. at 3237 (emphasis added).

Before ending, it is important to note that a private cause of action under the Hot Goods Provision is *clearly* without merit. If this were not true, the Court may have been constrained by other Supreme Court decisions, such as Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), and Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). Those cases stand for the notion that, in determining whether federal jurisdiction exists, it is not appropriate to consider the merits of the cause of action, unless the cause of action is *clearly* without merit.[1] Duke Power, 438 U.S. at 70-71, 98 S.Ct. at 2629.

[1]In deciding whether Congress intended to create a private cause of action under a particular federal statute, the D.C. Circuit, in Rogers v. Platt, 814 F.2d 683 (D.C. Cir. 1987), concluded that it was not constrained by Bell. In Rogers, the Court reasoned that, a conclusion that Congress intended no private action under a federal statute is one, and the same, as a conclusion that Congress intended no federal jurisdiction. Id. at 689. Following the Rogers decision would require the Court to decide the merits of a private action under the Hot Goods Provision, regardless of whether that decision involved a difficult (as opposed to a clear) question of law. Because a private action under the Hot Goods Provision clearly lacks merit, the Court need not decide whether the analysis in Rogers is correct.

## III. RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiffs' motion be granted.

Dated: 9/12/01

Arthur J. Boylan
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

AJB

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500