**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gina M. Abfalter, et. al.,

Plaintiffs,

v.

Scott Companies, Inc., d/b/a Jewelstar,
Roberta Antoine Dressen, and
Diversified Business Credit, Inc.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1173 ADM/AJB

---

Peter B. Knapp, Supervising Attorney, William Mitchell Law Clinic, St. Paul, Minnesota, for Plaintiffs.

Justin H. Perl, Esq., and Michael C. McCarthy, Esq., Maslon Edelman Borman & Brand, LLP, Minneapolis, Minnesota, for Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Defendant, Diversified Business Credit, Inc. ("Defendant") [Doc. No. 17] to the September 12, 2001 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Doc. No. 16]. In the R&R, Judge Boylan recommends remanding the case to state court pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, Judge Boylan's R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Defendant's present objections.

FILED 11-27-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 11-27-01
DEPUTY CLERK

## III. DISCUSSION

When reviewing a magistrate judge's R&R, the district court must make an independent, *de novo* evaluation of those portions of a R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.1(c)(2). Because a grant of a motion to remand is dispositive of the case in federal court, this R&R will be reviewed under the *de novo* standard.

Defendants removed this case from Hennepin County District Court, arguing that Plaintiffs' cause of action alleging a violation of the Hot Goods Provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(1), raised a federal question. Plaintiffs moved to remand, arguing that the cause of action involving the Hot Goods Provision is a claim for negligence *per se* and that the federal statute merely provides the standard of care. Therefore, Plaintiffs argue that the cause of action is a state law claim that must be remanded.

A federal court can properly exercise original jurisdiction over a claim when it arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In determining whether a claim arises under federal law, the court must refer to the well-pleaded complaint rule. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Although the concept of "arising under" does not have a precise definition, most cases under federal question jurisdiction are those causes of action that are created by federal law. *Id.* If, however, the resolution of the state law claim turns on an interpretation of federal law, the case may also arise under federal law. *Id.* at 808-09 (citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9 (1983)).

In *Merrell Dow*, the plaintiffs argued that the exercise of federal question jurisdiction was proper where the violation of a federal statute was a factor in a state law claim. *Merrell Dow*, 478 U.S. at 813. However, the Supreme Court held that when a federal issue is merely present in the state law claim, there is not an automatic conferral of federal question jurisdiction. *Id.* Instead, the question of federal law involved in a state claim must be substantial in order to appropriately confer federal question jurisdiction. *Id.* (citing *Franchise Tax Board*, 463 U.S. at 13). In *Merrell Dow*, the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, did not confer a private right of action. *Merrell Dow*, 478 U.S. at 806-07. The Court reasoned that because Congress decided not to provide a federal remedy for a violation of the statute, it logically followed that the presence of a violation of the statute as a factor in a state law claim is not substantial enough to confer federal question jurisdiction. *Id.* The Court found that the federal statute was one of the criteria a jury could consider in determining negligence. *Id.* at 807.

Defendants argue this case is controlled by *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 551 (8th Cir. 1996), which distinguished *Merrell Dow* and found the exercise of federal question jurisdiction proper. *Id.* *Gaming Corp* held that *Merrell Dow* did not apply because, though the Indian Gaming Regulatory Act ("IGRA") did not provide a private right of action, the conspiracy claim (an alleged state law claim), was not an independent cause of action. *Gaming Corp.* 88 F.3d at 551. Instead, the conspiracy claim necessarily requires the commission of an underlying substantive tort. *See id.* In *Gaming Corp.*, the Court found that the conspiracy claim relied on a violation of a federal statute. *See id.* In contrast, the federal statute in *Merrell Dow* was a factor showing negligence for jury consideration. *See Merrell Dow*, 478 U.S. at 807. Therefore, the exercise of federal question jurisdiction was found appropriate in

*Gaming Corp* and inappropriate in *Merrell Dow*. *Gaming Corp*, 88 F.3d at 551; *Merrell Dow*, 478 U.S. at 807.

The Eighth Circuit has also addressed the issue of whether the violation of a federal statute could provide the standard of care for a state negligence claim. *See Hofbauer v. Northwestern Nat'l Bank of Rochester*, 700 F.2d 1197, 1201 (8th Cir. 1983). The *Hofbauer* case, similar to the case at bar, was originally filed in state court and removed to federal court on the basis of federal question jurisdiction arising under a federal statute. *Id.* Because there was no private cause of action under the federal statute, the case was remanded to state court. *Id.* In addressing the negligence claim, the Eighth Circuit reasoned that, while a federal statute could provide the standard of care in a negligence action, the decision whether to use the federal statute as the standard of care was best left to the state court. *Id.*

In the instant case, Plaintiffs initially asserted a cause of action under the Hot Goods Provision. *See* Am. Compl. Judge Boylan concluded that there is no private cause of action under the Hot Goods Provision and the parties do not contest that finding. *See* R&R [Doc. No. 16]; Obj. [Doc. No. 17]. Plaintiffs assert that this cause of action is a claim for negligence *per se*, a state cause of action, and that the federal statute provides the standard of care. *See Alderman's Inc. v. Shanks*, 536 N.W.2d 4, 8 (Minn. 1995); R&R [Doc. No. 16]. Defendant contends that since the Hot Goods Provision provides the sole basis for determining liability under a negligence *per se* claim, the cause of action arises under federal law. *See* Obj. [Doc. No. 17].

Defendant's reliance on *Gaming Corp.* is misplaced. Unlike *Gaming Corp.*, where proof of the conspiracy claim relied upon the violation of a federal statute, here there is no federal statute similarly implicated. *See Gaming Corp.*, 88 F.3d at 551. Plaintiffs' negligence claim is

an independent cause of action, which brings it within the dictates of *Merrell Dow*. *See Gaming Corp.*, 88 F.3d at 551; *Alderman's Inc.*, 536 N.W.2d at 8. The proof of a violation of the Hot Goods Provision to establish negligence under a state cause of action is not sufficiently substantial to confer federal question jurisdiction. *See Merrell Dow*, 478 U.S. at 813. Were it sufficent to allow a federal court to exercise original jurisdiction based upon a violation of the Hot Goods Provision as a factor to be considered in a state cause of action, the congressional purpose in not providing a private cause of action under the statute would be circumvented. *See id.* The state courts may appropriately decide whether the duties established by the Hot Goods Provision of the FLSA should be applied as a standard of conduct for negligence liability. *See Hofbauer*, 700 F.2d at 1201. This case is remanded to Hennepin County District Court.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Boylan's R&R of September 12, 2001 [Doc. No. 16] is **ADOPTED** in its entirety;

(2) This action is **REMANDED** to Hennepin County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 27, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd